IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERLYN EUGENE MAAS,

     Petitioner,                    No. CIV S-08-0852 GEB GGH P

    vs.

JAMES E. TILTON, et al.,

     Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2006 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

         On February 3, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 131 S. Ct. 859, 861 (2011).[1]

\\\\\

---

[1] The earlier citation in the prior order was to <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

1    The parties timely filed briefing, yet for the reasons set forth in the prior order,
2 and notwithstanding petitioner's argument, there is no federal due process requirement for a
3 "some evidence" review, thus the federal courts are precluded from a review of the state court's
4 application of its "some evidence" standard.[2]

5    Petitioner attempts the last argument he can – that the Supreme Court only
6 decided that the federal courts should not be reviewing a parole eligibility decision under the
7 *stat*e "some evidence" standard; therefore this court should review it under a *federal due process*
8 *"some evidence" standard.*  However, neither the words of Swarthout, nor subsequent case law
9 interpreting Swarthout, permits the adoption of the argument.

10   First, Swarthout made clear that "[n]o opinion of ours supports converting
11 California's "some evidence" rule into a substantive federal requirement."  Swarthout, 131 S.Ct.
12 at 862.  This means, to the undersigned, that the liberty interest in parole eligibility review will
13 not contain a *federal* requirement for a "some evidence" test.  To assert that the Supreme Court
14 simply "forgot to mention" [the undersigned's characterization] in its decision *sub judice* that
15 there already was existing another (mirror image) federal "some evidence" test to be applied, is
16 to assert that the Supreme Court took the Swarthout case to opine on some meaningless,
17 technical, with no practical significance issue.  Doubtful.

18   Moreover, subsequent Ninth Circuit case law understands that the "only federal
19 right at issue is procedural."  Id. At 863.  See Pearson v. Muntz, __F.3d ___, 2011 WL 1238007
20 *5 (9th Cir. Apr. 5, 2011) (under Swarthout, due process requires no more than that an inmate
21 seeking parole have an "opportunity to be heard, a notification of the reasons as to denial of

---

[2] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

parole and access to their records in advance"); see also, Roberts v. Hartley, __F.3d __, 2011 WL 1365811 * 4( 9th Cir. Apr. 12, 2011) (California courts, not the Ninth Circuit, are responsible for proper application of "the constitutionally adequate procedures governing California's parole system..." citing Swarthout, 131 S. Ct. at 86[3]).[3]

Finally, the petition for re-hearing in Swarthout to the Supreme Court, referenced by petitioner in his supplemental briefing (at p. 1), has subsequently been denied. See Swarthout v. Cooke, __ S. Ct.__, 2011 WL 1225812 (U.S. Apr. 04, 2011).

In claim 1 of the petition, petitioner claims that his Fourteenth Amendment due process rights were violated by a parole denial he characterizes as "arbitrary, capricious, and fundamentally unfair" because the decision was "not supported by reliable evidence and failed to conform to the controlling statutes and regulations." In claim 1, petitioner maintains that there is no evidence that he "currently poses an unreasonable risk to public safety if released." Id., at 14. Essentially, therefore, claim 1 alleges a violation of California's "some evidence" requirement. As to the "some evidence" claim, Swarthout commands that petitioner cannot proceed. This court's review of the BPH hearing transcript confirms that petitioner, despite his argument otherwise, received all the process that was due in having been "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862; Answer (docket # 18-2, pp. 3-144).

In claim 2, petitioner alleges that the California Board of Parole Hearings (BPH) "arbitrarily disregarded its statutory and regulatory charter in implementing" its parole system to petitioner's prejudice. As to claim 2, respondent is correct that petitioner's claim that he is entitled to relief based on a state law violation is not cognizable. Respondent's supplemental brief, p. 2, citing Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991). The Supreme

---

[3] As petitioner sets forth in an articulate fashion, one can certainly, reasonably argue that the parole eligibility review by federal courts *should* be guided by "some evidence"; the point here is that the Supreme Court does not think so.

1  Court, as noted in the February 3, 2011 order, re-affirmed that "'federal habeas corpus relief does
2  not lie for errors of state law.'"  Swarthout, 131 S. Ct. at 861, quoting Estelle (id., 502 U.S. at 67)
3  [internal citation omitted].
4    There being no basis upon which petitioner could proceed at this point, the
5  petition should be denied.
6    Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.
7    If petitioner files objections, he shall also address if a certificate of appealability
8  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
9  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
10 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
11 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).
12   These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
14 days after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17 shall be served and filed within fourteen days after service of the objections.  The parties are
18 advised that failure to file objections within the specified time may waive the right to appeal the
19 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: May 2, 2011                         /s/ Gregory G. Hollows

                                              _____
                                              GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE

GGH:009
maas0852.fr